U.S. COURT OF APPEALS
10TH CIRCUIT
RECEIVED
2024 JUN 17 AM 11:06

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

***Motion for Authorization to File a Second or Successive Habeas Corpus Petition under 28 U.S.C. § 2244(b) by a Prisoner in State Custody***

Case Number CF-09-2735

Name Terrico D. Bethel Prisoner No. 665433

Place of Confinement James Crabtree Correctional Center

---

## Instructions
***Read Carefully***

(1) In accordance with the Antiterrorism and Effective Death Penalty Act of 1996, as codified at 28 U.S.C. § 2244(b), effective April 24, 1996, before authorization to file a second or successive petition can be granted by the United States Court of Appeals, ***it is the movant's burden*** to make a ***prima facie*** showing that he or she satisfies either of the following conditions found in 28 U.S.C. § 2244(b)(2):

(A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable; **or**

(B)(i) The factual predicate for the claim could not have been discovered previously through the exercise of due diligence; **and**

(ii) The facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(2) A claim which was presented in a prior application will not be considered.

(3) Use the attached form to file a motion for authorization under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive petition under 28 U.S.C. § 2254.

(4) The motion for authorization must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as a basis for prosecution and conviction for perjury.

(5) All questions must be answered completely and concisely in the proper space on the form. Attach additional pages if necessary to list all the grounds for relief and facts upon which you rely to support those grounds. **Your failure to provide complete answers may result in the court of appeals denying your motion for authorization.**

(6) You must sign the motion in three places at the end of pages 11 and 12. **Your failure to sign the motion for authorization or to complete the "proof of service" may result in the court of appeals denying your motion.**

(7) Attach to your motion for authorization copies of the following documents:

(a) The § 2254 petition you want to file in the district court if the court of appeals grants your motion for authorization, unless this matter was transferred to the Tenth Circuit from the district court. If the case was transferred from the district court, we will consider the transferred filings from the district court to be your proposed § 2254 petition.

(b) All § 2254 petitions you previously filed in any federal court challenging the judgment of conviction or sentence you now want to challenge.

(c) All court opinions and orders, final and interlocutory, disposing of the claims in your previous § 2254 petitions that challenged the judgment of conviction or sentence you now want to challenge.

(d) All magistrate judges' reports and recommendations issued in all previous § 2254 petitions that challenged the judgment of conviction or sentence you now want to challenge.

(8) The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper. Otherwise we cannot accept them.

(9) There is no fee for filing a motion for authorization under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive petition under 28 U.S.C. § 2254.

(10) If your motion for authorization seeks relief under 28 U.S.C. § 2254, you must serve a copy of the motion for authorization and all documents attached to it on the **Attorney General** of the State in which you are confined. **Your failure to serve the Attorney General may result in the court of appeals denying your motion.**

(11) When this motion for authorization is fully completed, **mail the original (with all documents attached) to the below address. Your failure to provide an original may result in the court of appeals denying your motion for authorization.**

**United States Court of Appeals for the Tenth Circuit**
**Office of the Clerk**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**

**Motion for Authorization to File a Second or Successive Habeas Corpus Petition Under 28 U.S.C. § 2244(b) by a Prisoner in State Custody**

1. (a) Name and location of the court which entered the judgment of conviction under attack:
Tulsa, Oklahoma, Tulsa County Courthouse

(b) Case number: CF-09-2735

2. Date of judgment of conviction: 8-24-12

Guilty plea: ________ Jury verdict: ✓

3. Length of sentence: Life without Parole Sentencing Judge: Gillert

4. Nature of offense or offenses for which you were convicted:
1st degree Murder and Conspiracy of murder

5. Did you appeal the conviction and sentence? **YES (✓) NO ( )**

6. If you appealed, name of court, result, date of result:
Oklahoma Criminal of Appeals, Denied, N/A

7. Have you ever filed a post-conviction petition, application, or motion for collateral relief in any federal court related to this conviction and sentence?

**YES (X) NO ( )** If "yes," how many times? Once

(If more than one, complete 8 and 9 below as necessary.)

As to the first federal petition, application, or motion, give the following information. (You must attach copies of the petition, application, motion, and any dispositional orders to this motion for authorization.)

(a) Name of court: Northern District of Oklahoma

(b) Case number: ______

(c) Nature of proceeding: Habeas Corpus of relief

(d) Grounds raised (list **all** grounds, using extra pages if necessary):

Ground 1- State's Ex 77 admitted at trial in violation of Petitioners State law Religious Privileges

Ground 2- The State Evidence 77 was admitted in trial in violation of Petitioners 1st and 14th amend to free exercise of religion, establishment clause, and liberties and Priveleges preserved by the 14 amend

Ground 3 - States Ex 77 was admitted in violation of Petitioner 14 amend due Process of law and his corresponding rights under Art. II, Section 7 & 21 of Oklahoma constitution and 5th amend to counsel (See added page)

(e) Did you receive an evidentiary hearing on your petition, application, or motion? **YES ( ) NO (X)**

(f) Result: Denied

(g) Date of result: N/A

Additional Pages of Grounds Raised Page 5

and 14th amend. Ground 4) State's Evidence Ex 77 was admitted into trial in violation of the Petitioner's 14th due Process of law & 5th amend to remain Silent and 14th amend. Ground 5) Petitioner was denied effective assistance of trial Counsel in violation of his rights 6th U.S.C.A. and Okla Const. Art II §§ 7 and 20. Ground 6) Petitioner was denied effective Assistance of Appellate Counsel in violation of his rights 6th U.S.C.A. and Okla. Const. Art II §§ 7 and 20. Ground 7) Prosecutorial Misconduct the State failed to correct and relied on Perjured testimony of its Star witness Poe Jean withheld, Suppress and Conceal from the defense its tacit Prosecution leniency deal with its Star witness in exchange for the witness informant activities and trial testimony in violation of Petitioner 14th amend U.S.C.A. rights to due Process and a fair trial

8. As to a second federal petition, application, or motion, give the following information. (You must attach copies of the petition, application, motion, and any dispositional orders to this motion for authorization.)

(a) Name of court: ______________________________

(b) Case number: ______________________________

(c) Nature of proceeding: ______________________________

______________________________

______________________________

(d) Grounds raised (list **all** grounds, using extra pages if necessary):

______________________________

______________________________

______________________________

______________________________

______________________________

(e) Did you receive an evidentiary hearing on your petition, application, or motion? **YES ( ) NO ( )**

(f) Result: ______________________________

______________________________

______________________________

(g) Date of result: ______________________________

9. As to a third federal petition, application, or motion, give the following information. (You must attach copies of the petition, application, motion, and any dispositional orders to this motion for authorization.)

(a) Name of court: ____________________

(b) Case number: ____________________

(c) Nature of proceeding: ____________________

____________________

____________________

(d) Grounds raised (list **all** grounds, using extra pages if necessary):

____________________

____________________

____________________

____________________

____________________

(e) Did you receive an evidentiary hearing on your petition, application, or motion? **YES ( ) NO ( )**

(f) Result: ____________________

____________________

____________________

(g) Date of result: ____________________

10. Did you appeal the result of any action taken on your **federal** petition, application, or motion? (Use extra pages to reflect additional petitions, applications, or motions if necessary.)

(1) First Petition: **NO** ( ✓ ) **YES** ( ) Appeal No. ________

(2) Second Petition: **NO** ( ) **YES** ( ) Appeal No. ________

(3) Third Petition: **NO** ( ) **YES** ( ) Appeal No. ________

11. If you did **not** appeal from the adverse action on any petition, application, or motion, explain briefly why you did not.

I had recieve two denies Simultaneously So I had to choose which appeal to work on

12. State **concisely** every ground on which you **now** claim that you are being held unlawfully. Summarize **briefly** the **facts** supporting each ground.

Ground One: The State of Oklahoma Does Not Have Jurisdiction to Try the Petitioner Because His alleged crime was committed on Creek Reservation and Because Petitioner is a tribal member a Cherokee Freedman of African descent Petitioner is unlawfully held in Oklahoma State Custody in violation of Article 9 of the 1866 Treaty of Cherokee Nation and Article 2 of the 1866 Treaty of Creek Nation

Supporting **FACTS** (tell your story briefly without citing cases or law):

In regards to being a Cherokee Freedmen/African descent Petitioner Bethel Jurisdictional claim that the district courts lacks and lacked Jurisdiction to impose Judgment and Sentence on Petitioner within Creek Nation reservation. This issue is now before all courts concerning those Freedmens of the 5 ~~civ~~ Civilized tribes and of African descent residing within the Creek Nation

See Additional page

Supporting Facts - Page 8 additional page

Indian Country are under the Major Crime Act according to 1866 treaty Article 2 with Creek Nation and the 1866 treaty Article 9 with Cherokee Nation because neither tribal courts, federal Courts nor the state of Oklahoma has followed Congressional law and treaties according to the U.S. Constitution "it's mandatory not discretionary" these Parties Shall be convicted duly to laws Applicable to these above tribes.

Was this claim raised in a prior federal petition, application, or motion?
YES ( ) NO (X)

Does this claim rely on a "new rule of law"?
YES (X) NO ( )

If "yes," state the new rule of law (give case name and citation):

Rhonda K Grayson and Jefferey D. Kennedy V. Citizen Ship Board of the Muscogee (Creek) Nation of Oklahoma, CV-2020-34 (2023)

Does this claim rely on "newly discovered evidence"?
YES (X) NO ( )

If "yes," briefly state the newly discovered evidence and why it was not previously available to you: Creek Nation is now recognizing Freedmen and those of African descent according to the 1866 Treaty Article 2 as members and citizens, the court order the division and agencies of the Nation must adhere to all the language found in the treaty. Petitioner Bethel a Cherokee Freedmen was prevented due to no fault (See Attach additional Page)

* * * * *

Ground Two: The State of Oklahoma did not have, Nor At Any Time Obtain Territorial Jurisdiction From The Congress of the United States or Creek Nation to authorize the Tulsa Police Department, Operating as an agent of the State, to enter into Indian Reservation land to arrest, investigate, or charge Petitioner with Crimes violating Major Crimes Act See 18 U.S.C.A. §§ 1151, 1153 (a) and Title 18 U.S.C. §§ 7 and 13, or Title 18 U.S.C. § 1162 In accordance to The 1866 Treaty under Article 2 with Creek Nation Seymour V. Superintendent of Washington State Penitentiary, 368 U.S. 351 (1962), Solem v. Bartlett, 465 U.S. R. Grayson and J. Kennedy v. Citizenship Board of the Muscogee (Creek) Nation of Oklahoma CV-2020-34 See Ground 2 additional page

of his own from exercises his tribal rights, Protections and Privileges throughout the Start of his Judicial Proceedings June 2009 to April 2019 after his tribal membership was restored after 4 month Petitioner filed his first Habeas Corpus to Northern District Court and it Wasn't until Sept 2023 all Freedmen(S) within Creek Nation reservation citizenship and membership was restore After 44 Years. Because the Cherokee Nation and Creek Nation and the Oklahoma Indian welfare expelled all Freedmen from Said tribes in violation of the 13th Amend and 1866 Treaty. The department of interior and Bureau of Indian affairs failed to carry out it's obligation under the 1866 Treaty to Protect the rights of Freedmen(S) of Said tribe shirking it's fiduciary responsibilities even as Congress were aware that Freedmen rights as Petitioner tribal rights were being trampled upon by the State of Oklahoma incompetent Courts who never had Jurisdiction to Prosecute Freedmen(S) within these Said tribes reservations. The only reasons Cherokee Nation restored Petitioner membership is because of the Cherokee Nation V. Nash 267 F. Supp. 3d 86, Fleming V. Cherokee Nation 2019 WL 2327814, P.1, The Supreme Court of the Cherokee Nation has adopted this court ruling in Cherokee Nation V. Nash as enforceable within and against the Cherokee Nation" And has explicitly held that "the 2007 amendments to the Constitution that Purported to limit citizenship within Cherokee Nation to Cherokees by blood, Delaware Cherokees, and Shawnee Cherokee is void and without effect. It further held that eligible Freedmen descendants . . . upon registration as Cherokee Nation citizens Shall have all the rights and duties of any other native Cherokee, including the right to run for office. All rights include the Major Crimes Act Subject matter Criminal Jurisdiction.

Ground Two Page 9 additional Page from bottom

Hooper V. City of Tulsa, 71 F.4th 1270 (2023 and the U.S. Constitution Article VI, clause 3 of the United states

Supporting **FACTS** (tell your story briefly without citing cases or law):

The State of Oklahoma did not have, nor at any time obtain Territorial Jurisdiction from the congress of the U.S. or Creek Nation to enter into Indian County to arrest, investigate or charge Petitioner of crimes for the Tribe or federal Government has exclusive Jurisdiction of Petitioners case because he is Freedmen and of African descent

Was this claim raised in a prior federal petition, application, or motion?
**YES** ( ) **NO** (X)

Does this claim rely on a "new rule of law"?
**YES** (X) **NO** ( )

If "yes," state the new rule of law (give case name and citation):

Rhonda K Grayson and Jeffery D. Kennedy v. Citizenship Board of the Muscogee (creek) Nation of Oklahoma

Does this claim rely on "newly discovered evidence"?
**YES** (X) **NO** ( )

If "yes," briefly state the newly discovered evidence and why it was not previously available to you: The factual Predicate for claim could not be discovered Previously through the exercise of due diligence until R. Grayson and J. Kennedy v. citizenship board of the Muscogee creek Nation of Oklahoma, CV-2020-34(2023) order and opinion can no longer negate the clear language of Treaty concerning Freedmens and those of African descent within Creek — (See Additional Page)

**Additional grounds may be asserted on additional pages if necessary.**

Page 10 - Additional Page

nation Reservation shall be dully convicted to laws Applicable to all tribal members

13. Do you have any motion or appeal now pending in any court as to the judgment now under attack? **YES ( ) NO ( X )**

If "yes," name of court: ______________________

Case number: ______________________

Nature of proceeding: ______________________

______________________

______________________

Grounds raised: ______________________

______________________

______________________

______________________

______________________

Wherefore, movant prays that the United States Court of Appeals for the Tenth Circuit enter an order authorizing the district court to consider the movant's second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.

[signature]
Movant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this motion for authorization are true and correct.

Executed on 6-10-24
(date)

[signature]
Movant's Signature

**PROOF OF SERVICE**

The movant must send a copy of this motion for authorization and all attachments to the Attorney General of the State in which the movant is confined.

I certify that on 6-10-24 (date), I mailed a copy of this Motion* for Authorization and all attachments to: ~~Northern District of Oklahoma~~ Tenth Circuit and Okla Stat Att's Gen office

at the following address: ~~333 West 4th st, RooM 411, Tulsa, OK 74103~~

1823 Stout Street and 313 N.E. 21st, OKC, OK 73105

[signature]
Movant's Signature

* Pursuant to Fed. R.. App. P. 25(a)(2)(A)(iii), "If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 25(a)(2)(A)(iii). A paper not filed electronically by an inmate is timely if it is deposited in the institution's internal mail system on or before the last day for filing and . . . [1] it is accompanied by: a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid; or [2] the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 25(a)(2)(A)(iii).

**CERTIFICATE OF MAILLNG**

I affirm under penalty of perjury that, in compliance with Title U.S.C. 1746, I placed this Second and Successive with first-class prepaid postage in the Prison Mail System and in the United States Mail, addressed to the Clerk of the U.S. District Court, United States Courthouse, Tenth Circuit, 1823 Stout St, Denver, Colo, 80257 at ~~Northern District of Oklahoma, 333 West 4th St, Room 411, Tulsa, OK~~.

In addition, I hereby certify that a copy of this form was placed with first-class prepaid postage in the Prison Mail System and in the United States Mail, addressed to the **Oklahoma State Attorney General's Office, Appellate Division, 313 N.E. 21st, Oklahoma City, Oklahoma 73105**.

6-10-24
Date

Terrico Bethel 665437
(Name) (DOC #)

James Crabtree Correctional Center
216 North Murray Street
Helena, Oklahoma 73741

NOTARY

STATE OF OKLAHOMA )
COUNTY OF ALFALFA )

I, Terrico Bethel, being first sworn under oath, state that he signed the above.

(signature)

Subscribed and sworn to before me this 10th day of June, 2024.

YVONNE RUTLEDGE STATE OF OKLAHOMA NOTARY PUBLIC # 23012984 EXP. 09/25/27

NOTARY PUBLIC

My Commission Expires: 9-25-2027, 20____.

VERIFICATION

I, Terrico Bethel, declare under penalty of perjury under the laws of Oklahoma pursuant to O.S.A. Title 12, Section 426 that the forgoing is true and correct.

6-10, 2024 Helena, Oklahoma
*(date and place)*

*(signature)*

Terrico Bethel 165433
*(print name and DOC #)*

James Crabtree Correctional Center
216 North Murray Street, Unit # 3
Helena, Oklahoma 73741-1017

Terrico Bethel #665433
JCCC-Unit 3
216 N. Murray Street,
Helena, OKl 73741

US POSTAGE PITNEY BOWES
ZIP 73741 $ 002.11⁰
02 4W
0000387825 JUN 11 2024

Original Scanned
US Mars

U.S. Court of APPeals for the 10th
Office of the clerk
Byron white
1823 Stout Street, Denver, Colo 80257

JCCC
LEGAL MAIL